# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| SHELLANE WILLIAMS, | ) | |
| | ) | Case No. 1:22-cv-202 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| BRADLEY SHAMBURGER and | ) | |
| JADEN & DALLAS TRUCKING, LLC | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## MEMORANDUM OPINION

Before the Court is Defendants Jaden & Dallas Trucking, LLC and Bradley Shamburger's motion to consolidate the above-captioned matter with Case No. 1:22-cv-201 (Doc. 8) and Plaintiff Shellane Williams's ("Plaintiff") motion to remand this case to state court (Doc. 16). For the following reasons, the Court will **GRANT** Plaintiff's motion to remand (Doc. 16). Because the Court concludes that it lacks subject-matter jurisdiction as to this case, the Court will **DENY AS MOOT** Defendants' motion to consolidate (Doc. 8).

## I.    BACKGROUND

On July 12, 2022, Plaintiff filed a complaint in the Circuit Court of Hamilton County, Tennessee, exclusively asserting state law claims against Defendants for common law negligence in the operation of a vehicle. (Doc. 1-1.) Also on July 12, 2022, the plaintiffs in Case No. 1:22-cv-201[1] filed a complaint in the Circuit Court of Hamilton County, Tennessee, asserting similar

---

[1] The plaintiffs in Case No. 1:22-cv-201 are LaToya Earvin, individually and as next friend and parent of minor plaintiffs A'Marion Toney and Mariana Toney; A'Marion Toney, individually;

state law claims against Defendants ("*Shamburger I*").  (Case No. 1:22-cv-201, Doc. 1-1.)  Both this case and *Shamburger I* arise out of the same incident that occurred on or about July 16, 2021.  (Doc. 1-1, at 2–3; Case No 1:22-cv-201, Doc. 1, at 2.)  *Shamburger I* Plaintiffs allege that, on this date, a vehicle operated by Defendant Shamburger and owned by Defendant Jaden & Dallas Trucking, LLC, struck their vehicle, which, as a result, crashed into the rear of Plaintiff's vehicle.  (Case No 1:22-cv-201, Doc. 1, at 2.)

On August 14, 2022, Defendants removed *Shamburger I* to this Court, asserting this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  (*Id*. at 1–2.)  On August 15, 2022, Defendants also removed the above-captioned case to this Court, asserting this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.  (Doc. 1, at 1.)  The amount in controversy in this case is $70,000 (Doc. 1-1, at 4.)  The amount in controversy in *Shamburger I* is eight million dollars ($8,000,000.00).  (Case No 1:22-cv-201, Doc. 1, at 3.)  Existence of complete diversity of parties is undisputed in both cases.

On August 16, 2022, Defendants moved to consolidate this case with *Shamburger I* because they contend the "actions clearly share common questions of both law and fact."  (Doc. 8, at 5.)  On August 23, 2022, Plaintiff moved to remand this case back to state court.  (Doc. 16, at 5.)

## II.    DISCUSSION

As a threshold matter, the Court must determine whether it has subject-matter jurisdiction over this case.  Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court

---

Mariana Toney, individually; Nina M. Earvin, individually; Tiffany Earvin, individually and as next friend and parent of minor plaintiff Princess Boykin; Princess Boykin, individually; Aaron Johnson, individually; Nakisha E. Powers, individually and as next friend and parent of minor plaintiff Naei'lah Powers; and Naei'lah Powers, individually (collectively, "*Shamburger I* Plaintiffs").

involve a common question of law or fact, the court may: . . . consolidate the actions . . . ."  To

consolidate two actions under Rule 42(a), however, the Court must have separate jurisdictional

bases for each case.[2]  *U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*,

826 F.2d 643, 647 (7th Cir. 1987); *Pitstick Farms, Inc. v. Sanders Sales & Serv., Inc.*, No. 2:04-

CV-997, 2005 WL 1151684, at * 2 (S.D. Ohio May 16, 2005); *Tonyco, Inc. v. Equity Mktg., Inc.*,

No. 99-74995, 2000 WL 654957, at * 3 (E.D. Mich. Apr. 25, 2000) ("Without comment on the

propriety of Plaintiff's procedural tactics, the Court does not have jurisdiction to consolidate

Plaintiff's actions . . . [because] both actions were improperly removed . . . .").  "If one of the

actions to be consolidated was improperly removed, then consolidation is not allowed."  *Pitstick*

*Farms*, 2005 WL 1151684, at *2.  Accordingly, the Court must determine whether it has separate

subject-matter jurisdiction over this case before considering Defendants' motion to consolidate.

### A.      Subject-Matter Jurisdiction

Generally, a defendant may remove to federal court any civil action over which the

federal courts have original jurisdiction.  28 U.S.C. § 1441(a).  The party seeking removal carries

the burden of establishing that the district court has original jurisdiction over the matter by a

preponderance of the evidence.  *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir.

2000).  "[A]ll doubts as to the propriety of removal are resolved in favor of remand."  *Smith v.*

*Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citation and internal

quotation marks omitted).

---

[2] The authority cited was decided before the 2007 amendments to the Federal Rules of Civil
Procedure, when Rule 42(a) read:  "When actions involving a common question of law or fact
are *pending* before the court, . . . it may order all the actions consolidated."  Fed. R. Civ. P. 42
(amended 2007) (emphasis added).  The Advisory Committee Notes explain that the changes to
Rule 42 "are intended to be stylistic only."  Fed. R. Civ. P. 42 advisory committee's note to 2007
amendment.  As such, removal of the word "pending" does not change the analysis.

Defendants removed this case pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446. (Doc. 1, at 1.)  Under 28 U.S.C. § 1332, district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states.  Defendants concede the amount in controversy in this case falls below $75,000 but contend "removal is nevertheless proper and warranted based upon the district court's exercise of supplemental jurisdiction afforded by 28 U.S.C. § 1367."  (Doc 1, at 4.)  According to Defendants, supplemental jurisdiction exists due to the Court's established diversity jurisdiction over *Shamburger I*, a case consisting of claims arising under the same case or controversy as the present matter.  (*Id*. at 5.)

In contravention to Defendants' argument, the Sixth Circuit has held that a removal petition cannot base subject-matter jurisdiction on 28 U.S.C. § 1367, because the supplemental jurisdiction statute is not a source of original subject-matter jurisdiction.  *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (citations omitted).  Because Defendants do not allege and the Court does not find any other bases for the Court's subject-matter jurisdiction over the matter, Plaintiff's motion to remand (Doc. 16) will be **GRANTED**.

### B.    Motion to Consolidate

Because the Court lacks subject-matter jurisdiction over the instant case, it cannot consolidate it with *Shamburger I* under Rule 42(a).  *See Owens-Corning*, 826 F.2d at 647; *Pitstick Farms*, 2005 WL 1151684, at * 2; *Tonyco*, 2000 WL 654957, at * 3.  As such, Defendant's motion to consolidate (Doc. 8) will be **DENIED AS MOOT**.

### III.    CONCLUSION

For the reasons stated herein, the Court **DENIES AS MOOT** Defendants' motion to consolidate (Doc. 8) and **GRANTS** Plaintiff's motion to remand (Doc. 16).

4

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**